# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DREW COLEMAN

        Plaintiff,

v.

DOCTOR NANCIE R. FLYNN MCGARVIE, et al.,

        Defendants.

Civil Action No. 1:15-cv-00100 (BJR)

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE BAXTER.

Pro se Plaintiff Drew Coleman, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"),[1] alleges violations of his Eighth Amendment rights by Defendants Doctor Nancy R. Flynn McGarvie, the Medical Director at SCI-Forest, and Beverly Summers O'Rourke, a Certified Registered Nurse Practioner at SCI-Forest. Plaintiff alleges that Defendants were deliberately indifferent to serious medical needs arising from a finger injury that Plaintiff suffered while playing basketball. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical need because he was not permitted to receive care from an outside hospital for three and a half weeks after his injury. However, Plaintiff did receive frequent care and medical treatment from Defendants in the days and weeks leading to their determination that outside medical services were necessary. Defendants concluded, in their medical judgment, that pain medication, a splint, and manual attempts to correct the finger dislocation were appropriate remedies before referral to an outside hospital. Even if this judgment were incorrect, "a complaint that a physician has been negligent in diagnosing or treating a medical

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Retreat in Hunlock Creek, Pennsylvania.

1

condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because Defendants dutifully provided timely care for Plaintiff's injury, summary judgment in their favor was appropriate for the reasons discussed in Magistrate Judge Baxter's Report and Recommendation.

Plaintiff has also sought appointment of counsel. There is no constitutional or statutory right to appointed counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, 28 U.S.C. § 1915(e)(1) provides for discretionary appointments. In *Tabron*, the Third Circuit enumerated non-exhaustive factors for the court to consider in a motion for appointment of counsel. As a threshold issue, it must appear that Plaintiff's claim has some arguable merit in fact and law. 6 F.3d at 155. As the Report and Recommendation demonstrates, Plaintiff's claim is not meritorious. His constitutional claim turns on the three and a half weeks he had to wait after sustaining his injury to receive treatment by an outside hospital. But he did not have to wait three and a half weeks to receive medical treatment. Defendants have demonstrated that they provided early and frequent care, which refutes the allegations of deliberate indifference. The Court determines that Plaintiff's action would not have been meaningfully aided by appointed counsel.

Accordingly, it is hereby ordered that:

(1) The Report and Recommendation is adopted;

(2) Defendants' Motion for Summary Judgment is GRANTED;

(3) The case is CLOSED; and

(4) The Clerk of the Court shall send copies of this Order to the parties.

**IT IS SO ORDERED.**

DATED this 12th day of January, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge